CLARK, J.,
dissenting.
hi respectfully dissent from the order issued by the majority for the reasons that follow. While I agree that respondent should be suspended for a year and one day, I disagree that six months of the suspension should be deferred. I would suspend without any period of deferment.
While I acknowledge the parties’ stipulation to the mitigating factor of a timely good faith effort to make restitution or to rectify the consequences of the misconduct, I see no evidence that any such effort was made to reconcile the harm done to the client. In fact, I note with particular emphasis that the Disciplinary Board qualified the stipulation as “highly questionable under the facts of this matter.” Thus, not only was no effort made towards restitution or making amends, the client was actually left in an even worse position than the one she was originally in as a result of the tragically unfortunate death of her child. I find the respondent’s actions to be particularly egregious in this regard.
Moreover, I find the respondent’s act of neglecting her client’s legal matter, particularly one that sounds in such emotional distress, allowing it to prescribe, and failing to communicate with her client warrants more discipline than that imposed by the majority. It was only through the client and her family’s efforts in going to the courthouse to check on the status of the case that she was informed the case had never been filed. Respondent intentionally and knowingly misled her about the status of the matter when she stated that there was an issue with the insurance company check. Thereafter, the client repeatedly asked for her file to be returned to |2her, to no avail; even at the time of the hearing the file had not been returned. Additionally, respondent exacerbated the situation by not disclosing her malpractice, creating yet another obstacle of prescription for her client to face. For these reasons, I dissent.